59 F.3d 178
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert D. CUMMINGS, Plaintiff-Appellant,
v.
NEW MEXICO DEPARTMENT OF CORRECTIONS; Attorney General of
the State of New Mexico, Defendants-Appellees.
 No. 95-2007.
 United States Court of Appeals, Tenth Circuit.
 July 5, 1995.
 
 Before MOORE, BARRETT and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Robert D. Cummings (Cummings), having been granted leave to proceed in forma pauperis, appeals from the district court's Order adopting the Magistrate Judge's Proposed Findings and Recommended Disposition and dismissing his petition for writ of habeas corpus pursuant to 28 U.S.C. 2254 with prejudice. In order to reach the merits of his claims, we grant his request for a Certificate of Probable Cause.
 
 
 3
 On April 1, 1986, Cummings was arrested by state and federal authorities. He was convicted and sentenced on the federal charges on January 20, 1987. In state court, on October 19, 1987, Cummings plead guilty to second-degree murder with a firearm, and admitted his identity as a person convicted of a prior felony.
 
 
 4
 On November 6, 1987, at a hearing in which all parties were present, including Cummings, the trial court orally sentenced Cummings to eleven years incarceration, with three years suspended, and presentence confinement credit from the date of arrest. On November 10, 1987, the trial court held a teleconference for the purpose of reducing the presentence confinement credit to eighty-two days; Cummings was not present at the conference. On November 16, 1987, the trial court entered a Final Judgment and Sentence which reduced the presentence confinement credit to eighty-two days.
 
 
 5
 The New Mexico Court of Appeals reversed the sentence and remanded to the trial court to hold a factual hearing to determine the amount of presentence confinement credit to which Cummings was entitled, stating that Cummings should be present at the hearing.
 
 
 6
 No hearing was held. However, on August 7, 1989, the trial court filed an Amended Final Judgment and Sentence which reinstated Cummings' confinement credit from the date of arrest, April 1, 1986.
 
 
 7
 On appeal, Cummings contends that he was denied his right to be present at sentencing when the trial court twice adjusted his sentence without him being present and that he was denied due process by the trial court's arbitrary denial of presentence credit for time served presentence and pending appellate review.
 
 
 8
 We have reviewed the record and the briefs. We affirm for substantially the reasons set forth in the Magistrate Judge's Proposed Findings and Recommended Disposition of November 8, 1994.
 
 
 9
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470